UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**JOSEPH T. GARRETT, SR,**
    Plaintiff,

v.

**MCWANE INC.,** *et al.***,**
    Defendants.

Case No. 1:23-cv-928-CLM

## MEMORANDUM OPINION

*Pro se* Plaintiff Joseph T. Garrett, Sr ("Garrett") sues McWane Inc., doing business as Tyler Union ("McWane"), and two of its employees, Ronda Ford ("Ford") and Judith Harrison ("Harrison") (collectively, "Individual Defendants"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for discriminating against, retaliating against, or unlawfully failing to hire, him on the basis of his race or in retaliation for his having previously pursued a case of race discrimination against a previous employer. (Doc. 1). Individual Defendants move to dismiss claims against them. (Doc. 11). For the reasons stated within, the court will **GRANT** Individual Defendants' Motion to Dismiss, (doc. 11).

### \* N‍ext S‍tep \*

Before the court explains why it's dismissing the Individual Defendant claims, the court discusses the next step. Garrett's claims against McWane remain. Federal Rule of Civil Procedure 26(f) requires federal litigants to confer early in a case, develop a discovery plan, and submit to the court a written report outlining the plan. F‍ed. R. C‍iv. P. 26(f). McWane and Garrett need to meet and discuss several matters, including a discovery plan, under Rule 26(f). For more information on discovery, the court directs Garrett to the court's *Guide for Proceeding*

*Without a Lawyer* ("*Pro Se* Guide"), which is intended to help people who are proceeding in court without the help of lawyers. (Doc. 4-1). "Disclosures and Discovery" is specifically addressed in Section 7.4 of the *Pro Se* Guide. (*See* Doc. 4-1 at 21). Garrett should also read Section 5.3 entitled "If I Represent Myself, What Will I Have To Do?" (Doc. 4-1 at 9-10).

## BACKGROUND

### A. Factual History

The court takes these facts from Garrett's Complaint, (doc. 1), and assumes all of his alleged facts are true. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

Garrett is an African-American male. He alleges that he was subjected to retaliation, as well as race/color discrimination, during his potential employment with Tyler Union in violation of Title VII. On December 14, 2021, Garrett interviewed with Human Resources personnel Ronda Ford, who is a white female. (Doc. 1 at 4). Garrett says that he "previously was employed by Tyco Fire & Building Inspections ("Tyco") and filed a lawsuit for racial discrimination against them." (Doc. 1 at 4). Ford mentioned to Garrett that she used to work for Tyco in its Human Resources Department and "seemed unusually interested in [Garrett's] employment at Tyco," asking "many more questions about [his] working there than the other previous employers listed [o]n [his] resume." (Doc. 1-1 at 1). On December 16, 2021, Garrett received an email from Ford that he was not selected for the position. (Doc. 1-1 at 1). On December 23, 2021, after "learn[ing] that the company recently hired several Caucasian people that [Garrett] do[es] not believe have near as much millwright experience as [he] do[es,] but no African[]Americans," Garrett filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-1 at 1). On February 2, 2022, Garrett alleges that McWane and Individual

2

Defendants "responded to the EEOC [C]omplaint . . . [with] false information." (Doc. 4 at 5). Garrett "believe[s] that the company passed [him] over for employment because of [his] race and/or in retaliation for my having previously pursued a case of race discrimination in employment." (Doc. 1-1 at 1).

### B. Procedural History

On July 18, 2023, Garrett filed his Complaint against McWane and two of the manufacturer's employees, Ford and Harrison, under Title VII, alleging that he was subjected to retaliation, as well as race discrimination. (Doc. 1). On the same day, Garrett filed: (1) a motion to proceed in forma pauperis ("IFP"); (2) a motion for appointment of counsel; and (3) a supporting affidavit. (Doc. 2). On August 21, 2023, the court denied Garrett's IFP Motion without prejudice because it was "incomplete, as it fail[ed] to provide any information beyond his full name, mailing address, telephone number, and employer's name." (Doc. 3 at 1). "Garrett neglect[ed] to acknowledge the affidavit sections regarding his financial data; efforts to obtain an attorney; and attestation and signature. Without a completed affidavit, the court [wa]s unable to analyze Garrett's motions." (Doc. 3 at 2). The court ordered Garrett to file a revised IFP motion and a revised motion for appointed counsel, with a complete affidavit on or before September 1, 2023. (Doc. 3 at 2). On September 7, 2023, Garrett had still not filed revised motions, so the court issued an order to show cause, instructing that "[f]ailure to timely comply with the court's [Order to Show Cause Order] on or before September 22, 2023 will result in dismissal of this case without further notice to Garrett for lack of prosecution." (Doc. 4). Instead of responding, Garrett paid the filing fee on September 25, 2023.

On November 13, 2023, Garrett had not served Defendants, so the court instructed, "Now that Garrett has filed his complaint and paid the filing fee, he is responsible for serving defendants with both a summons and his complaint within the timeframe set forth in Rule 4(m)." (Doc. 5 at 1 (internal citations omitted)). The court gave Garrett until December 1, 2023 to properly serve Defendants. (Doc. 5 at 2). The court subsequently

granted Garret's Motion for Extension of Time to Serve Defendants, (doc. 6), confirming a new deadline of December 29, 2023. (Doc. 7). Summons was executed for Defendants on December 27, 2023. (Doc. 10).

On January 17, 2024, Individual Defendants filed a motion to dismiss, arguing that Garrett "does not assert any claim against Judith Harrison or Ronda Ford . . . for which they can be personally liable as a matter of law." (Doc. 11 at 1). On the same day, McWane filed its Answer to Garrett's Complaint. (Doc. 12). The court granted McWane and Individual Defendants' Joint Motion to be Excused from Filing Report of Parties' Planning Meeting, (doc. 18), noting the parties are not responsible for Rule 26(f) obligations until further action by the court. (Doc. 19).

On January 18, 2024, the court set a briefing schedule on Individual Defendants' Motion to Dismiss in which Garrett's Response Brief was due on or before February 9, 2024. (Doc. 14). On February 15, Individual Defendants filed a reply in support of their Motion asking the court "to rely upon the pleadings filed to date, which remain unopposed," considering Garrett failed to file a response brief on or before February 9, 2024. (Doc. 16, ¶ 3).

On February 21, 2024, the court entered an order to show cause as to why Individual Defendants shouldn't be dismissed for the reasons stated in their Motion to Dismiss and directed Garrett to file an "answer [to the O]rder with his Response Brief in opposition to Individual Defendants' Motion to Dismiss attached" on or before March 8, 2024. (Doc. 17 at 1). On March 5, 2024, Garrett filed a one-sentence response to the court's Order to Show Cause: "I, Joseph Garrett, DO NOT DISMISS, Judith Harrison or Ronda Ford [f]or any reason from this case." (Doc. 20). On March 8, 2024, Garrett supplemented his response with information on his "vehement opposition to the dismissal of the charges against Ronda Ford and Judith Harrison for their discriminatory treatment . . . ." (Doc. 21 at 1).

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to *pro se* plaintiffs "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. A *pro se* complaint must still be dismissed if it fails to state a claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## DISCUSSION

Garrett sues Ford and Harrison under Title VII. Ford and Harrison argue that Title VII does not impose individual liability on supervisors, so they must be dismissed.

The employer is generally the only proper defendant in a Title VII claim. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). While a plaintiff may bring Title VII claims against individual employees in their official capacities, he cannot maintain such claims if he also names the employer. *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) (citation omitted) ("[W]hen a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action."). Additionally, a plaintiff cannot bring Title VII claims against employees in their individual capacities. *See id.* (dismissing the plaintiff's Title VII claims against defendant employees in their individual capacities).

Garrett hasn't told the court whether he sues Ford and Harrison in their official or individual capacities. But it doesn't matter. Even if Garrett sued Individual Defendants in their official capacity—the only capacity that *could* result in liability—Garrett also sued their employer (McWane), thus vitiating his claims against Ford and Harrison. By pleading McWane as a defendant, Garrett made McWane the only proper defendant for his Title VII claim.

## CONCLUSION

For these reasons, the court **GRANTS** Individual Defendants' Motion to Dismiss, (doc. 11). The court will enter a separate order that carries out this ruling and dismisses Garrett's claims against Individual Defendants with prejudice.

Garrett's claims against McWane remain, and the parties must abide by Rule 26(f) obligations on or before **June 28, 2024**.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion to Garrett's address of record listed as 1010 Nottingham Road, Alpine, AL 35014.

**DONE** and **ORDERED** on May 28, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE